## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARIA A. PADILLA, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **Case No. 3:19-cv-02583-K** |
| **v.** | § § | |
| **AMERICAN EXPRESS COMPANY and NATIONWIDE CREDIT, INC.,** | § § § | |
| **Defendants.** | § | |

## DEFENDANT, NATIONWIDE CREDIT, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendant, Nationwide Credit, Inc. (NCI), through counsel and under the Federal Rules of Civil Procedure, hereby submits this Answer and Affirmative Defenses to the Class Action Complaint filed by plaintiff, Maria A. Padilla ("plaintiff"), and states:

### I.      Parties, Jurisdiction and Venue

1.      Upon information and belief, NCI admits plaintiff resides in Dallas, Texas. NCI further admits plaintiff filed this action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., and the Texas Debt Collection Act (TDPA), Tex. Fin. Code. § 392.001, *et seq.*, but denies any violations, liability, or wrongdoing under the law.  Except as specifically admitted, NCI denies the allegations in ¶ 1.

2.      NCI denies the allegations in ¶ 2 as calling for a legal conclusion.

3.      NCI denies the allegations in ¶ 3 as calling for a legal conclusion.

4.      NCI denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5.      NCI admits it is a corporation with an office located at 1000 Abernathy Road, Suite 200, Atlanta, Georgia 30328.   Except as specifically admitted, NCI denies the allegations in ¶ 5.

6.      Upon information and belief, NCI admits plaintiff had an American Express credit card.  Except as specifically admitted, NCI denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

7.      NCI denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8.      NCI denies the allegations in ¶ 8 for lack of knowledge or information sufficient to form a belief therein.

9.      NCI denies the allegations in ¶ 9 as calling for a legal conclusion.

10.     NCI denies the allegations in ¶ 10, including subparts a-e.

**II.     Additional Allegations Applicable to All Counts**

11.     NCI denies the allegations in ¶ 11 as calling for a legal conclusion.

12.     NCI denies the allegations in ¶ 12 as calling for a legal conclusion.

13.     NCI admits part of its business is the collection of debts.   Except as specifically admitted, NCI denies the allegations in ¶ 13.

14.     NCI admits part of its business is the collection of debts owed to other and it uses the mail and telephone to do so.  Except as specifically admitted, NCI denies the allegations in ¶ 14.

15.     NCI admits American Express placed plaintiff's account with NCI.   The referenced letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 15 state otherwise, denied.

16.     NCI denies the allegations in ¶ 16 as calling for a legal conclusion.

17.     NCI denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18.     The letter speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 18 state otherwise, denied.

19.     NCI denies the allegations in ¶ 19.

20.     The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 20 state otherwise, denied.

21.     The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 21 state otherwise, denied.

22.     The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 22 state otherwise, denied.

23.     The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 23 state otherwise, denied.

24.     The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 24 state otherwise, denied.

25.     The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 25 state otherwise, denied.

26.     The letter speaks for itself and is the best evidence of its content. To the

extent the allegations in ¶ 26 state otherwise, denied.

27.     The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 27 state otherwise, denied.

28.     NCI denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief therein.

29.     NCI denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief therein.

30.     NCI denies the allegations in ¶ 30.

31.     NCI denies the allegations in ¶ 31.

32.     DCI denies the allegations in ¶ 32.

33.     NCI denies the allegations in ¶ 33.

34.     NCI denies the allegations in ¶ 34.

35.     NCI denies the allegations in ¶ 35.

36.     The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 36 state otherwise, denied.

37.     NCI denies the allegations in ¶ 37.

38.     NCI denies the allegations in ¶ 38.

39.     NCI denies the allegations in ¶ 39.

40.     NCI denies the allegations in ¶ 40.

41.     NCI denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42.     NCI denies the allegations in ¶ 42.

43.     NCI denies the allegations in ¶ 43.

44.     NCI denies the allegations in ¶ 44.

45.     NCI denies the allegations in ¶ 45.

46.     NCI denies the allegations in ¶ 46.

47.     NCI denies the allegations in ¶ 47.

48.     NCI denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

49.     NCI denies the allegations in ¶ 49.

50.     NCI denies the allegations in ¶ 50.

51.     NCI denies the allegations in ¶ 51.

52.     NCI denies the allegations in ¶ 52.

53.     NCI denies the allegations in ¶ 53.

54.     NCI denies the allegations in ¶ 54.

55.     NCI denies the allegations in ¶ 55.

56.     NCI denies the allegations in ¶ 56.

57.     NCI denies the allegations in ¶ 57.

58.     NCI denies the allegations in ¶ 58.

59.     NCI denies the allegations in ¶ 59.

60.     NCI denies the allegations in ¶ 60.

61.     NCI denies the allegations in ¶ 61.

62.     NCI denies the allegations in ¶ 62.

63.     NCI denies the allegations in ¶ 63.

64.     NCI denies the allegations in ¶ 64.

65.     NCI denies the allegations in ¶ 65.

## III.   Causes of Action

## Count I – The Optima Opportunity Letter Violates § 1692e of the FDCPA

66.     NCI reasserts the foregoing as if fully stated herein.

67.     NCI denies the allegations in ¶ 67 as calling for a legal conclusion.

68.     The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 68 state otherwise, denied.

69.     NCI denies the allegations in ¶ 69.

70.     NCI denies the allegations in ¶ 70.

71.     NCI denies the allegations in ¶ 71.

72.     NCI denies the allegations in ¶ 72.

## Count II – The Optima Opportunity Letter Violates § 1692e(2)(A) of the FDCPA

73.     NCI reasserts the foregoing as if fully stated herein.

74.     The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 74 state otherwise, denied.

75.     NCI denies the allegations in ¶ 75.

76.     NCI denies the allegations in ¶ 76.

77.     NCI denies the allegations in ¶ 77.

78.     NCI denies the allegations in ¶ 78.

## Count III – The Optima Opportunity Letter Violates § 1692e(10) of the FDCPA

79.     NCI reasserts the foregoing as if fully stated herein.

80.     The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 80 state otherwise, denied.

81.     NCI denies the allegations in ¶ 81.

82.     NCI denies the allegations in ¶ 82.

83.     NCI denies the allegations in ¶ 83.

84.     NCI denies the allegations in ¶ 84.

**Count IV – The Optima Opportunity Letter Violates § 1692f of the FDCPA**

85.     NCI reasserts the foregoing as if fully stated herein.

86.     The FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 86 state otherwise, denied.

87.     NCI denies the allegations in ¶ 87.

88.     NCI denies the allegations in ¶ 88.

89.     NCI denies the allegations in ¶ 89.

90.     NCI denies the allegations in ¶ 90.

91.     NCI denies the allegations in ¶ 91.

**Count V – The Optima Opportunity Letter Violates § 391.304 of the TDCPA**

92.     NCI reasserts the foregoing as if fully stated herein.

93.     NCI denies the allegations in ¶ 93 as calling for a legal conclusion.

94.     NCI denies the allegations in ¶ 94 as calling for a legal conclusion.

95.     NCI denies the allegations in ¶ 95 as calling for a legal conclusion.

96.     The TDCA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 96 state otherwise, denied.

97.     NCI denies the allegations in ¶ 97.

98.     NCI denies the allegations in ¶ 98.

99.     NCI denies the allegations in ¶ 99.

100.    NCI denies the allegations in ¶ 100.

**Count VI – The Optima Opportunity Letter Violates § 391.304(8) of the TDCPA**

101.    NCI reasserts the foregoing as if fully stated herein.

102.    The TDCA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 102 state otherwise, denied.

103.    NCI denies the allegations in ¶ 103.

104.    NCI denies the allegations in ¶ 104.

105.    NCI denies the allegations in ¶ 105.

106.    NCI denies the allegations in ¶ 106.

**Count VII – The Optima Opportunity Letter Violates § 391.304(19) of the TDCPA**

107.    NCI reasserts the foregoing as if fully stated herein.

108.    The TDCA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 108 state otherwise, denied.

109.    NCI denies the allegations in ¶ 109.

110.    NCI denies the allegations in ¶ 110.

111.    NCI denies the allegations in ¶ 111.

112.    NCI denies the allegations in ¶ 112.

**Count VIII – The Optima Opportunity Letter Violates § 391.304 of the TDCPA**

113.    NCI reasserts the foregoing as if fully stated herein.

114.    NCI denies the allegations in ¶ 114 as calling for a legal conclusion.

115.    NCI denies the allegations in ¶ 15 as calling for a legal conclusion n.

116.    NCI denies the allegations in ¶ 116 as calling for a legal conclusion.

117.    The TDCA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 117 state otherwise, denied.

118.    NCI denies the allegations in ¶ 118.

119.    NCI denies the allegations in ¶ 119.

120.    NCI denies the allegations in ¶ 120.

121.    NCI denies the allegations in ¶ 121.

**Count IX – The Optima Opportunity Letter Violates § 391.304(8) of the TDCPA**

122.    NCI reasserts the foregoing as if fully stated herein.

123.    The TDCA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 123 state otherwise, denied.

124.    NCI denies the allegations in ¶ 124.

125.    NCI denies the allegations in ¶ 125.

126.    NCI denies the allegations in ¶ 126.

127.    NCI denies the allegations in ¶ 127.

**Count VIII (sic) – The Optima Opportunity Letter Violates § 391.304(9) of the TDCPA**

128.    NCI reasserts the foregoing as if fully stated herein.

129.    The TDCA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 129 state otherwise, denied.

130.    NCI denies the allegations in ¶ 130.

131.    NCI denies the allegations in ¶ 131.

132.    NCI denies the allegations in ¶ 132.

133.    NCI denies the allegations in ¶ 133.

## NCI'S AFFIRMATIVE DEFENSES

1.    Upon information and belief, plaintiff's claims are subject to binding arbitration and/or a class action bar.

2.    To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

3.    NCI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of NCI's purported violations.

4.    One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5.    Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

6.    Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than NCI and were beyond the control or supervision of NCI or for whom NCI was and is not responsible or liable.

7.    Plaintiff has failed to state a claim against NCI upon which relief may be granted.

WHEREFORE, Defendant, Nationwide Credit, Inc., respectfully requests the Court

dismiss this action with prejudice and grant it any such other and further relief the Court

deems appropriate.

Respectfully Submitted,

/s/ Whitney L. White
Whitney L. White
TX Bar No. 24075269
SESSIONS, FISHMAN, NATHAN & ISRAEL
900 Jackson Street, Suite 440
Dallas, TX 75202
Telephone: (214) 741-3001
Facsimile: (214) 741-3098
Email: wwhite@sessions.legal

*Attorney for Defendant,*
*Nationwide Credit, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2019, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Northern District of Texas and served via CM/ECF upon the following:

Alexander J. Taylor
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com

Laurie N. Patton
Hiersche, Hayward, Drakeley & Urbach, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
Telephone: (972) 701-7168
Facsimile: (972) 701-8765
Email: lpatton@ hhdulaw.com

Nayeem Nur Mohammed
Law Offices of Nayeem N. Mohammed
417 Misty Lane
Lewisville, TX 75067
Telephone: (936) 718-7467
Email: nayeem.mohammed@gmail.com

/s/ Whitney L. White
Whitney L. White